UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: UM CAPITAL, LLC

Debtor,

Case No.: 09-10601-CSS

Chapter 7

Hearing Date: September 22, 2009 at 3:00 pm
Objection Date: September 17, 2009 at 4:00 pm

Ref. Doc. No: 86

## ORDER AUTHORIZING THE SALE OF ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

Upon the motion ("Motion") of Erin K. Brignola, Esquire and Eric A. Browndorf, Esquire as counsel for the Chapter 7 Trustee (the "Chapter 7 Trustee"), seeking approval for the sale of an Asset of the Estate specifically the real estate property at 1843 Woodland Drive, Columbiana, OH 44408 (the "Property") pursuant to § 363 of the Bankruptcy Code free and clear of liens; and good and sufficient notice having been provided to creditors and other parties in interest as required under the Federal Rules of Bankruptcy Procedure; and the Court having consider the Chapter 7 Trustee's Motion, and opposition, if any, thereto; and the Court having further considered the arguments of counsel at the hearing on the motion and having further considered higher or better offers, if any; and for good cause shown;

THIS COURT HEREBY FINDS AND ORDERS THAT:

1. The application of the Chapter 7 Trustee is hereby granted in all respects.

2. Due and proper notice of the Chapter 7 Trustee's motion has been given to all parties who are entitled to notice under the circumstances.

3. All objections to the Chapter 7 Trustee's motion and the entry of this order have been overruled or resolved.

4. The Chapter 7 Trustee is hereby authorized pursuant to 11 U.S.C. §363(b) to sell the Property to Devin Cooper ("Purchaser") pursuant to the terms set forth in the application filed in support of the entry of this order.

5.  The sale of the property is found to be "fair value" and to have a substantial business justification.

6.  Purchaser is found to be a "good faith purchaser" under the meaning and entitled to the protections of 11 U.S.C. §363(m).

7.  The sale of the Property by the Chapter 7 Trustee shall be free and clear of any and all liens (choate or inchoate), pledges, hypothecations, assessments, charges, mortgages, deeds of trust, easements, restrictions, imperfections of or defects in title, security interests, encumbrances, equity, trust, equitable interests, claims, preferences, rights of possession, leases, licenses, covenants, infringements, interferences, orders, proxies, options, rights of first refusal, preemptive rights, community property interests, legends, defects, impediments, exceptions, reservations, limitations, impairments, conditions or restrictions of any nature (including any restriction on the transfer of any property or asset, any restriction on the receipt of any income derived from any property or asset, any restriction on the use of any property or asset and any restriction on the possession, exercise or transfer of any other attribute of ownership of any asset) or other burdens, whether arising by Contract or under law, any conditional sale or other title retention agreements, any leases in the nature of any of the foregoing, any adverse claims, assignments or encumbrances of any kind, any negative liens and the filing of or agreement to give any financing statements or similar notice of security interests.  Pursuant to 11 U.S.C. §363(f), any such liens, claims, encumbrances and interests that encumber or purport to encumber or otherwise affect the Property, or title thereto, shall be transferred to and attached to the proceeds of the sales thereof to the same extent and with the same force, validity, status and effect, if any, as they had against the Property. Upon the transfer of the property from the chapter 7 Trustee to Purchaser, Purchaser shall not be deemed to (i) be the successor of the Debtor, (ii) have de facto or otherwise, merged with or into the Debtor or (iii) be a mere continuation or substantial continuation of the Debtor.

8.  The Chapter 7 Trustee has full corporate power and authority to and is hereby authorized and directed to execute, acknowledge and deliver such corporate name change certificates, deeds, assignments, conveyances, bills of sale and other assurance, documents, and instruments of transfer and take such other actions as may be reasonably necessary to perform the terms of this sale with Purchaser, and shall take any other action that may reasonably be requested by Purchaser for purposes of transferring and conveying the property to her, all without further order of this Court.

9.  All persons holding or asserting a claim of any kind against the property as of the date of this order are enjoined from the commencement or continuation of any action, the employment of process, or any act, to collect from or offset against, Purchaser or the property, on account of any such claim.

10. The provisions of this order shall be self-executing and neither the Debtor nor Purchaser shall be required to execute or file any release, termination statements, assignments, consents or other instruments in order to effectuate consummation of the transfer of the property or to implement the foregoing provisions hereof.

11. This order shall be binding upon the Debtor's estate, successors and assigns, including without limitation, the Chapter 7 Trustee.

12. The Court hereby waives the ten (10) day stay pursuant to Bankruptcy Rule 6004(h).

13. This order is a final order in accordance with Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

Dated: 9/18, 2009