# Exhibit "A"

## AGREEMENT OF SALE

THIS AGREEMENT OF SALE ("Agreement"), made this 22nd day of September, 2010, by and between **CULLUM PROPERTIES, LLC** ("BUYER") with an address of 20596 Old Hillston Road, Aberdeen, MS 39730 and **UM CAPITAL, LLC**, ("SELLER") with an address of 140 Bradford Drive, West Berlin, NJ 08091. BUYER and SELLER may be collectively referred to throughout this Agreement as the "Parties" and each may be separately denominated as the "Party."

## W I T N E S S E T H :

A.  Alfred T. Giuliano is the Chapter 7 Trustee for the Estate of Seller. Seller filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code, Section 101, et seq. on February 20, 2009 in the United States Bankruptcy Court for the District of Delaware.

B.  SELLER hereby agrees to sell and convey to BUYER and BUYER hereby agrees to purchase from SELLER, upon the terms and conditions set forth in this Agreement, the "Property" (as such quoted term is defined).

C.  The term "Property" shall mean and include all of the SELLER'S right, title and interest in and to:

> Those certain lots, tracts, and parcels of land situate, lying and being in the City of Aberdeen, County of Monroe and State of Mississippi, known as Lot __ in Block _____, as set forth on the City of Aberdeen Tax Map, commonly known as 207 East Whitfield Street.

NOW, THEREFORE, in consideration of the mutual covenants herein set forth, the sum of ONE DOLLAR ($1.00) paid by each of the Parties to the other, the receipt of which is herewith acknowledged, and for other good and valuable consideration, it is AGREED as follows:

1.  PURCHASE PRICE. The total purchase price ("Purchase Price") for all of the Property set forth in this Agreement shall be SEVEN THOUSAND FIVE HUNDRED ($7,500.00) DOLLARS and shall be paid by check at the time and place of final Settlement.

2.  SETTLEMENT. Settlement ("Settlement") shall take place on the later of _____, 2010 or eleven (11) business days following the date on which Bankruptcy Court approval is received for the transfer of the Property pursuant to this Agreement. Time shall be of the essence. Notice of Settlement shall be given at the address above. Settlement shall be held at an office to be determined by Buyer's attorney in the county where the Property is located.

3.  POSSESSION. SELLER shall deliver actual possession of the Property to BUYER at the time of Settlement free and clear of all tenancies and rights to possession in any other third party. BUYER acknowledges and agrees that SELLER had made no representations

1

4. STATE OF TITLE TO PREMISES. Title to be delivered shall be marketable and insurable by a local, reputable title insurance company at normal rates. This title may be subject to the rights of telephone, electric and gas, water and sewer utility companies to maintain poles, wires, pipes, mains, and cables over, along, and under the street next to the Property, the part of the Property next to the street, or any such utility services running to any improvement on the Property. If any of these representations are not accurate, BUYER may at its sole option and remedy cancel this Agreement or BUYER may proceed with Settlement and accept title and zoning of the Property in its "as is" and "where is" condition without remedy.

5. COSTS. SELLER shall pay for the drawing of the deed and the realty transfer fees/taxes, if any be necessary. All surveys, searches, and title insurance premiums are to be paid for by BUYER. The Parties shall split equally the title company attendance fee.

6. ADJUSTMENTS. There are no adjustments. Buyer shall be solely responsible for all real estate taxes, water, sewer, association fees, fuel oil, and other customary charges encumbrances including municipal liens, assessments and liability for assessments for improvements now constructed.

7. BUYER'S DOCUMENTS. BUYER shall deliver or cause to be delivered to SELLER at the time and place of final Settlement the following:

    A. That Purchase Price required to be paid at Settlement.
    B. Affidavit of Title and such other documents as reasonably required according to the terms and conditions of this Agreement and BUYER'S title company to consummate this transaction.

8. SELLER'S DOCUMENTS. SELLER shall sign and deliver or cause to be delivered to BUYER at the time and place of final Settlement:

    A. A Release Deed by Trustee in Bankruptcy, without covenants or warranties, duly executed and acknowledged by SELLER, sufficient to transfer and convey to BUYER all SELLER'S right, title and interest in and to the Property. Acceptance of the Release Deed by BUYER shall be deemed full and complete performance on the part of SELLER under this Agreement.
    B. Affidavit of Title and such other documents and instruments as shall be reasonably required by counsel to BUYER and BUYER'S title insurance company to consummate this transaction in accordance with the terms and conditions of this Agreement.

9. GENERAL PROVISIONS.

    A. The captions appearing in this Agreement are inserted and included solely for convenience and shall not be considered or given effect in construing this Agreement, or its provisions, in connection with the duties, obligations or liabilities of the Parties or in ascertaining intent, if a question of intent arises. The preambles are incorporated into this paragraph as though set forth in verbatim.

B. This Agreement embodies the entire contract between the Parties. No variations, modifications, changes or amendments to this Agreement shall be binding upon a Party unless set forth in writing and signed by the Party, a duly authorized officer or agent of the particular Party.

C. All covenants and obligations contained within this Agreement shall bind, extend and inure to the benefit of the Parties, its respective heirs, executors, administrators, successors and assigns. This Agreement is not assignable, except as set forth in this Agreement.

D. This Agreement and the rights and obligations of the Parties hereto shall be interpreted, construed and enforced in accordance with the laws of the State of Missisppi, without giving affect to conflict of law rules.

E. This Agreement is a product of joint negotiation of the Parties and its counsel and is not to be construed for or against either Party by virtue of the fact that such Party or its counsel prepared this Agreement.

F. This Agreement may be executed in any number of multiple counterparts, including counterparts transmitted by telecopier or fax, any one of which shall constitute an original of this Agreement. When counterparts or facsimile copies have been executed by all Parties, they shall have the same effect as if the signatures to each counterpart or copy are upon the same document and copies of such documents shall be deemed valid as originals.

IN WITNESS WHEREOF, the Parties have hereunto set their hands and seals and have caused these presents to be duly signed the date and year first above written.

WITNESS:

_[signature: Ralph R. Tate]_

WITNESS:

_[signature]_

BUYER:
CULLUM PROPERTIES, LLC

By: _[signature: Ashley D Cullum]_

SELLER:
ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF UMCAPITAL, LLC

By: _[signature]_
Alfred Giuliano, Trustee

3