IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> UM CAPITAL, INC. <br><br>              Debtors. | Case No. 09-10601-CSS <br><br> Chapter 7 <br><br> Honorable Christopher S. Sontchi <br><br> **Hearing Date: January 16, 2013 at 12:00 p.m.** <br><br> **Objection Date: January 10. 2013 by 4:00 p.m.** |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SETTLEMENT BY AND BETWEEN TRUSTEE AND GREGORY FUNDING LLC

Alfred T. Guiliano, the Chapter 7 Trustee (the "Trustee"), of the above-referenced Debtors hereby moves (the "Motion") for an order under 11 U.S.C. § 105 (A) and Fed.R. Bankr.P. 9019 Approving the Settlement between the Trustee, by and through his counsel, Cooper Levenson, April Niedelman and Wagenheim, P.A. and Gregory Funding LLC ("GF") by and through its counsel, Frank Cassara, Esquire, and in support of this Motion, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief sought herein are 11 U.S.C. § 105(a) and Fed.R. Bankr.P. 9019(a) (the "Bankruptcy Rules").

## BACKGROUND

2. The Debtors, UM Capital, LLC., ("UMC") filed petition for relief under Chapter 7 of the Bankruptcy Code on February 20, 2009 (the "Petition Date"), as Case No 09-10601.

3. On February 21, 2009 Alfred T. Giuliano was appointed Chapter 7 Trustee. On March 26, 2009 Cooper Levenson April Niedelman & Wagenheim, P.A. were appointed as counsel to the Trustee.

4. Gregory Funding LLC is a company who manages the loans owned by ASCSI LLC, and has an interest in a property located at 8 Max Way, Commack, New York.

5. DLJ Mortgage Capital is a predecessor in interest of Gregory Funding LLC. On January 5, 2011 DLJ Mortgage Capital filed a Motion for Relief from Stay as to the property at 8 Max Way, Commack, New York.

6. On February 7, 2011 an Order was entered granting Relief from Stay to allow DLJ Mortgage Capital to exercise its rights against the property.

7. Upon investigation into the property, Frank Cassara, Esq., attorney for DLJ Mortgage Capital discovered an old additional foreclosure action against UM Acquisitions that was likely initiated because they were left out of the initial foreclosure action against the property.

8. The parties have now agreed upon the settlement of this matter. In exchange for a payment of $3,500.00, trustee agrees to release UM Capital's interest in the property located at 8 Max Way, Commack, New York.

9. The Agreement is not effective until signed by all parties hereto and an Order, in form and substance reasonably satisfactory to the Trustee and Gregory Funding LLC, is entered into by the Bankruptcy Court, approving this Agreement.

10. Parties shall abide by the noticing requirements as required by local rules.

## BASIS FOR RELIEF REQUESTED

### Legal Standard Applicable to Rule 9019 Settlements

11.  Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The decision to approve a settlement or compromise lies within the discretion of the Bankruptcy Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968).

12.  Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). In addition, the District of Delaware has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

13.  Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting Louise's, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled, and balance it against the value to the estate of the approval of the settlement. Martin, 91 F.3d at 393. In striking the balance, a court should consider four criteria: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation

involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Martin, 91 F.3d at 392; see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968).

14. Generally, a bankruptcy court should defer to the debtor's or the trustee's judgment so long as there is a legitimate business justification for entering into the settlement. Martin, 91 at 395; see also TMT Trailer Ferry, 390 U.S. at 424-25 (basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation"). Under TMT Trailer Ferry, the court is not required to hold a full evidentiary hearing before a compromise can be approved; rather, the court's obligation is "to canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Id.; see also Newman v. Stein, 464 F.2d 689, 693 (2d Cir.), cert. denied, 409 U.S. 1039 (1973) (quoting same).

15. In addition, this Court has the authority to approve the settlement pursuant to Bankruptcy Code section 105(a). That section provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) assures "the bankruptcy courts' power to take whatever action is appropriate and necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 at 105-35 (15th rev. ed. 1997); see also Mgmt. Tech. Corp. v. Pardo, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (holding that bankruptcy court's inherent equitable power derived from section 105).

C. **Application of the Rule 9019 Standard to the Agreement**

16. The Settlement is well within the range of reasonableness required by Bankruptcy Rule 9019. The Trustee, in consultation with legal counsel has concluded that the settlement and

compromise is fair, reasonable and in the best interests of the Debtors' creditors. Applying the above standard, this Court should approve the Agreement.

17. For the foregoing reasons, the Trustee believes that entry into this settlement is in the best interests of the estate and therefore respectfully requests that this Court approve the settlement.

## NO PRIOR REQUEST

18. No prior request for the relief requested in this Motion has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court approve the proposed Settlement and enter an Order in the proposed form accompanying this Motion, and that it grant him such other and further relief as the Court deems just and proper.

Dated: January 3, 2013

**COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.**

By: */s/ Erin K. Brignola, Esquire*
Erin K. Brignola, Esquire (2723)
30 Fox Hunt Drive
Bear, DE 19701
(302) 838-2600 phone
(302) 838-1942 facsimile
*Counsel for Alfred T. Guiliano, Chapter 7 Trustee*

Dated: January 3, 2013

By: */s/ Eric A. Browndorf, Esquire*
Eric A. Browndorf, Esquire
1125 Atlantic Avenue
Atlantic City, NJ 08401
609) 572-7538
*Counsel for Alfred T. Giuliano, Chapter 7 Trustee*

CLAC 1979371.1